```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                             AT DANVILLE, VA
                                                                 FILED for
                                                                   RKu
          IN THE UNITED STATES DISTRICT COURT              AUG 2 1 2006
          FOR THE WESTERN DISTRICT OF VIRGINIA
                    ROANOKE DIVISION                    JOHN F. CORCORAN, CLERK
                                                        BY: H McDonald
                                                               DEPUTY CLERK
```

ROBERT LAMONT SUTTON,                )
    Petitioner,                      )    Civil Action No. 7:06CV00477
                                     )
v.                                   )    **MEMORANDUM OPINION**
                                     )
TERRY O'BRIEN,                       )    By: Hon. Jackson L. Kiser
    Respondent.                      )    Senior United States District Judge

Petitioner, Robert Lamont Sutton, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed Sutton's allegations, I find that he has failed to state a claim upon which relief may be granted. Therefore, Sutton's petition will be dismissed.

## Background

Sutton is presently incarcerated at United States Penitentiary (USP) - Lee in Jonesville, Virginia. On July 10, 2005, Sutton was accused of assaulting another individual at the prison. The incident was referred to the FBI, and Sutton was placed in the special housing pending the outcome of the investigation. Sutton recently learned that he will be prosecuted for the assault. However, Sutton indicates that no indictment has been returned against him.

Sutton filed the instant petition on August 9, 2006. Sutton alleges that his Sixth Amendment right to a speedy trial has been violated as a result of the thirteen-month, pre-indictment delay.

## Discussion

The Sixth Amendment right to a speedy trial is not triggered until an accused is formally charged or arrested. See Jones v. Angelone, 94 F.3d 900, 906 n.6 (4th Cir. 1996). Thus, "the speedy trial right does not apply to ... pre-indictment delay...." Id. Although Sutton may believe

that the right attached when he was moved to the special housing unit, confinement in administrative or disciplinary segregation is not the equivalent of an arrest or accusation for purposes of the Sixth Amendment. See United States v. Daniels, 698 F.2d 221, 223 (4th Cir. 1983); United States v. Beason, 128 Fed. Appx. 974 (4th Cir. 2005) (unpublished). Therefore, Sutton's Sixth Amendment claim is without merit.

## Conclusion

For the reasons stated, Sutton's petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for respondent.

**ENTER**: This 21st day of August, 2006.

/s/ Samuel G. Wilson
Senior United States District Judge